IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| L-3 COMMUNICATIONS CORPORATION,<br><br>    Plaintiff,<br><br><br><br><br><br>    vs.<br><br><br>E.R. LEWIS TRANSPORTATION, INC., and ADVANCED BUILDING METHODS, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST E.R. LEWIS FOR BREACH OF CONTRACT<br><br><br><br>Case No. 2:04-CV-765 TS |

Before the Court are Plaintiff's Motion to Strike and Plaintiff's Motion for Partial Summary Judgment against E.R. Lewis for Breach of Contract. For the reasons discussed below, the Court will grant both of these motions. As a result of this Order, the Court will not hear argument on these motions as anticipated on January 3, 2006. The Court will, however, conduct a final pretrial conference at a future time.

## I.  PLAINTIFF'S MOTION TO STRIKE

Defendant Advanced Building Methods filed a Notice of Intent to Compare Default[1] seeking to apportion fault among non-parties, pursuant to Utah Code Ann. § 78-27-41(4), which was recently amended and became effective on May 2, 2005.

Plaintiff filed a Motion to Strike the Notice of Intent to Compare Default.[2]  In its Motion, Plaintiff argues that Defendant Advanced Building Methods may not apportion fault to non-parties under the Utah Code provision cited.  Defendant Advanced Building Methods responds by arguing that a recent amendment to the statute allows them to apportion fault to non-parties. Plaintiff replies by arguing that the statute does not apply retroactively and that the Notice here does not comply with the statutory requirements.  Defendant Advanced Building Methods filed a sur-reply to respond to these new arguments.[3]  They argue that the statute should be applied retroactively and that they have complied with the law's requirements.  Plaintiff responded to Defendant Advanced Building Methods' sur-reply, making substantially the same arguments that it had made previously.

Prior to May 2, 2005, Utah Code Ann. § 78-27-41(4) stated:

> A party seeking to allocate fault shall identify in its answer those persons then known to the party who may be at fault and shall identify within a reasonable time any additional persons later discovered to have been at fault.

---

[1]Docket No. 19.

[2]Docket No. 20.

[3]Defendant Advanced Building Methods filed a Motion to Strike New Argument/Evidence Raised in Plaintiff's Reply Memorandum or for Leave to File Sur-Reply. Along with that Motion, and without leave of the Court, Defendant Advanced Building Methods filed a sur-reply.  Plaintiff did not object to Defendant Advanced Building Method filing a sur-reply and filed a response to that sur-reply.  Therefore, the Court will grant Defendant Advanced Building Methods leave to file a sur-reply and will consider the sur-reply and response.

Both the Utah Supreme Court and this Court, per Judge Campbell, have interpreted this provision and have held that it does not stand for the proposition that fault can be allocated to non-parties.[4]

On May 2, 2005, the statute was amended and now states:

Fault may not be allocated to a non-party unless a party timely files a description of the factual and legal basis on which fault can be allocated and information identifying the non-party, to the extent known or reasonably available to the party, including name, address, telephone number and employer.  The party shall file the description and identifying information in accordance with Rule 9, Utah Rules of Civil Procedure or as ordered by the court but in no event later than 90 days before trial as provided in Rule 9, Utah Rules of Civil Procedure.

In Utah, "a statute will be construed as prospective only, unless it appears from the words used or in some other manner that the legislature meant it to operate retroactively."[5]  That rule is expressed in Utah Code Ann. § 68-3-3, which states that "[n]o part of these revised statutes is retroactive, unless expressly so declared."  "The intent to have a statute operate retroactively may be indicated by explicit statement that the statute should be applied retroactively . . . or by clear and unavoidable implication that the statute operates on events already past."[6]  But there is an exception to this rule which permits retroactive application where a statute changes only procedural law by providing a different mode or form of procedure for enforcing substantive rights without enlarging or eliminating vested rights.[7]

---

[4]*Filed v. Boyer Co.*, 953 P.2d 1078, 1081–82 (Utah 1998); *Corp. of the Presiding Bishop v. Queen Carpet Corp.*, 5 F.Supp. 2d 1246, 1250 (D. Utah 1998).

[5]*Kansas City Life Ins. Co. v. Bowns*, 129 F.2d 287, 288 (10th Cir. 1942).

[6]*Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n*, 953 P.3d 435, 437 (Utah 1997).

[7]*Id*. at 437–38 (quotation marks and citations omitted).

Here, there is no express statement or other indication that the 2005 amendment was meant to be applied retroactively.  The next step is to determine whether a statute is substantive or procedural.  The Court "'narrowly draw[s] the boundaries of what constitutes a procedural statute.'"[8] "Procedural law 'prescribes the practice and procedure or the legal machinery by which the substantive law is determined or made effective.'"[9] "In contrast, substantive law 'creates, defines and regulates the rights and duties of the parties which may give rise to a cause of action.'"[10]

In this case, regardless of whether the 2005 amendment is substantive or procedural, it cannot be applied retroactively here.  If the 2005 amendment is considered to be substantive, then it will not be applied retroactively under Utah law.  If it is procedural, as Defendant Advanced Building Methods suggests, it will not be applied at all.  Under the *Erie* doctrine, in diversity cases, such as this one, substantive issues are controlled by state law and procedural issues are controlled by federal law.[11]  For these reasons, the 2005 amendment will not be applied here and Plaintiff's Motion to Strike is granted.  Defendant Advanced Building Methods' Notice of Intent to Compare Default is stricken.

---

[8]*Olsen v. Samuel McIntyre Inv. Co.*, 956 P.2d 257, 261 (Utah 1998) (quoting *Salt Lake Child & Family Therapy Clinic v. Frederick*, 890 P.2d 1017, 1020 n.3 (Utah 1995)).

[9]*Id.* (quoting *Petty v. Clark*, 192 P.2d 589, 594 (Utah 1948)).

[10]*Id.* (quoting *Petty*, 192 P.2d at 593).

[11]*Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

## II. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court turns next to Plaintiff's Motion for Partial Summary Judgment against E.R. Lewis for Breach of Contract.  Defendant E.R. Lewis opposes this motion on two grounds.  First, they argue that summary judgment is inappropriate because they should be allowed to apportion fault to its co-defendant Advanced Building Methods.  Second, they argue that Plaintiff's motion is untimely.

Defendant E.R. Lewis' first argument in opposition to summary judgment is that the tort principle of comparative fault should be applied to Plaintiff's breach of contract claim. Defendant E.R. Lewis' argument here is clearly incorrect and is against the great weight of legal authority.  In Justice Stewart's concurring and dissenting opinion in the Utah Supreme Court case of *Field v. Boyer*,[12] an opinion relied upon by E.R. Lewis in support of their position, Justice Stewart stated that "[a]pplying comparative fault principles in breach of contract actions would create havoc of unprecedented proportions."[13]  The Tenth Circuit has stated that "contributory negligence has no place in contract and fraud actions."[14]  Moreover, the Utah Court of Appeals has collected numerous cases from various courts which support the proposition that contributory negligence is not an appropriate defense to a breach of contract claim.[15]  Despite this overwhelming authority, Defendant E.R. Lewis argues that summary judgment should not be

[12]*Field v. Boyer Co.*, 952 P.2d 1078 (Utah 1998).

[13]*Id*. at 1087 (Stewart, J. concurring in part, dissenting in part).

[14]*Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1337 (10th Cir. 1984).

[15]*Interwest Construction v. Palmer*, 886 P.2d 92, 97 n.5 (Utah Ct. App. 1994).

granted because fault should be apportioned between it and Defendant Advanced Building Methods. This argument is clearly incorrect.

Defendant E.R. Lewis also argues that Plaintiff's Motion is untimely, and should be denied as such. Under the scheduling order,[16] all dispositive motions were due by August 15, 2005. This Motion was not filed until December 6, 2005.

The Motion is clearly untimely, despite Plaintiff's claim that it did not believe a motion for partial summary judgment would be considered dispositive. It was filed almost four months after the deadline for such a motion. Despite this, Defendant E.R. Lewis has responded to the Motion and it is now fully briefed and ready for decision by the Court. Further, deciding the Motion will narrow the issues for trial. Therefore, the Court will consider the motion, despite its untimeliness.

Turning to the substance of the motion, the Court notes that the facts of this case are not in dispute. Plaintiff contracted with E.R. Lewis to transport, deliver, and unload a Mori Seki NH500 Horizontal Machine. E.R. Lewis contracted with Defendant Advanced Building Methods to provide a crane and operator to lift the machine. While being delivered, the machine was dropped and damaged when a lifting strap broke.

"The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[17] The undisputed facts show: (1) that there was a contract; (2) there is no allegation that Plaintiff did not perform; (3) Defendant E.R. Lewis breached the contract by damaging the

---

[16]Docket No. 13.

[17]*Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 391 (Utah 2001) (citing *Nuttall v. Berntson*, 30 P.2d 738, 741 (Utah 1934)).

machine during delivery; and (4) the machine was damaged.  Therefore, Plaintiff is granted

summary judgment against E.R. Lewis on its breach of contract claim.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Strike (Docket No. 20) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Partial Summary Judgment against E.R. Lewis for

Breach of Contract (Docket No. 22) is GRANTED.

DATED   December 30, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge