IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| L-3 COMMUNICATIONS CORP., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> E.R. LEWIS TRANSPORTATION, INC., and ADVANCED BUILDING METHODS, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT <br><br><br><br><br> Case No. 2:04-CV-765 TS |

I.  BACKGROUND

On December 30, 2005, the Court issued an Order granting Plaintiff's Motion for Partial Summary Judgment against E.R. Lewis on Plaintiff's breach of contract claim.[1] Thereafter, Defendant E.R. Lewis submitted a Brief to the Court Regarding Remaining Legal Issues.[2] In that Brief, E.R. Lewis argued for the first time that this is, in fact, a subrogation case brought by L-3's insurer CNA and that E.R. Lewis should be allowed to apportion fault between themselves and their co-defendant Advanced Building Methods ("ABM").  E.R. Lewis raised a similar argument

---

[1]Docket No. 46.

[2]Docket No. 47.

1

in its opposition to Plaintiff's Motion for Summary Judgment and the Court rejected the argument, finding that it is clearly against the great weight of legal authority.[3]

Plaintiff then filed a Motion for Entry of Judgment.[4]  In that Motion, Plaintiff argued that the parties had stipulated to a damage amount and that the Court should enter judgment in that amount based on its previous Order granting Plaintiff summary judgment on its breach of contract claim against E.R. Lewis.  Defendant E.R. Lewis disputes that the parties have stipulated to any damage amount.  Further, they again argue that this is a subrogation case and that they should be able to apportion fault between themselves and ABM.

## II.  DISCUSSION

A.     SUBROGATION CLAIM

On the eve of trial, E.R. Lewis raised the issue of subrogation in its Brief for the first time.  E.R. Lewis has never sought to add CNA as a party.  Nor did E.R. Lewis discuss CNA or subrogation in its opposition to Plaintiff's Motion for Partial Summary Judgment.[5]  E.R. Lewis readily admits that "the parties knew from the beginning of this case that CNA was filing this lawsuit as a subrogation action."[6]  Yet, E.R. Lewis failed to raise this issue during the pendency of this litigation and, in fact, it was not until just before trial was to begin in this matter that the issue was raised.  E.R. Lewis also faults CNA's "11th hour" tactics, stating that "it is only CNA's 11th hour attempt to pretend that this [is] solely a contract action and not a subrogation

---

[3]Docket No. 46, at 5–6.

[4]Docket No. 55.

[5]E.R. Lewis did argue unsuccessfully that the Court should allow fault apportionment between E.R. Lewis and ABM.

[6]Docket No. 58, at 3.

effort that requires these issues to be raised."[7]  Yet, it is E.R. Lewis' "11th hour" tactics which the Court finds troubling.

As a preliminary matter, the Court believes that E.R. Lewis has waived any claim concerning subrogation.[8]  Further, even if this matter is a subrogation action, such an action is permitted.[9]  "It is well settled that an insurance company is a real party in interest to the extent it has reimbursed the loss for which compensation is sought."[10]  "When the insurance company has made only partial reimbursement, both the insurer and the insured are real parties in interest."[11]  Therefore, E.R. Lewis' argument in this regard is unavailing.  The Court's previous ruling stands.  E.R. Lewis may not apportion fault between itself and ABM in this matter on L-3's breach of contract claim.

B. DAMAGES

In its Motion for Entry of Judgment, L-3 argues that the parties have stipulated to a damage award.  They argue that the parties stipulated to the damage award in a proposed jury instruction that was prepared by E.R. Lewis in anticipation for trial.  The Court finds that this proposed jury instruction does not constitute a binding stipulation between the parties.  As a

---

[7] Docket No. 58, at 3.

[8] Fed. R. Civ. P. 17(a).  "[S]uch an objection is for the benefit of a defendant, and should be raised in timely fashion or it may be deemed waived." *Audio-Visual Marketing Corp. v. Omni Corp.*, 545 F.2d 715 (10th Cir. 1976).  *See also Hefley v. Jones*, 687 F.2d 1383, 1388 (10th Cir. 1982) (stating that "[u]nder the circumstances the trial court was within its discretion in refusing to permit this amendment sixteen days prior to trial.").

[9] Utah Code Ann. § 31A-21-108.

[10] *Garcia v. Hall*, 624 F.2d 150, 151 (10th Cir. 1980).

[11] *Id.*

result, the only remaining issue to be determine in this matter is the amount of damages.[12] Accordingly, the Court will hold a jury trial to determine the amount of damages on May 12, 2006, at 8:30 a.m.  A final pretrial conference will be held on April 24, 2006, at 3:00 p.m.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Entry of Order (Docket No. 55) is GRANTED IN PART.  The Court's previous decision granting Plaintiff summary judgment against Defendant E.R. Lewis on its breach of contract claim will stand.  It is further

ORDERED that a jury trial to determine damages on that claim will be held on May 12, 2006, at 8:30 a.m.  A final pretrial conference will be held on April 24, 2006, at 3:00 p.m.

DATED   February 21, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] Although L-3 has not officially dismissed its negligence claim against E.R. Lewis and ABM, L-3 has stated that it will dismiss these claims if the Court enters judgment in its favor against E.R. Lewis for the full amount of its damages.  Docket No. 59, at 3 n.2.